HARDY, Judge.
This is a suit by plaintiff, a general contractor, for value of repairs on property of defendant. After trial there was judgment in favor of plaintiff in the sum of $812.18, from which defendant has appealed.
The testimony as between plaintiff and defendant, is irreconcilably contradictory, and the true facts can be established only after an evaluation of the surrounding circumstances.
Plaintiff is a licensed general building contractor who has been in business in the City of Shreveport since the year 1927. Defendant is the owner of a residence located at 618 Wilkinson Street in the City' of Shreveport, which building was in need of general repairs necessitated by reason of termite infestation and resultant damage. Plaintiff alleged that the verbal contract with defendant obligated him to remove the damaged portions of the' residence and after repairs, for which plaintiff was to furnish all labor and materials necessary, to receive a contractor’s fee of ■ 20% of the total value thereof. Defend- *260 antis first position is that while acknowledgr ing .the general contract on a cost plus 20% basis plaintiff guaranteed the. cost of the work would not exceed the sum of $355. Secondly, defendant contends that plaintiff undertook the work of pest control ancl eradication under the definition of LSA-R.S. 40:1261 et seq., without being licensed and bonded as required by the statutes in connection with such work.
Examination of the facts indicates that defendant has utterly failed to establish either of his contentions. We pretermit detailed discussion and elaboration of the testimony in connection with the first point of defense. It is true that defendant had obtained estimates of repairs from certain licensed - and bonded termite control contractors, the lowest of which estimates was in the amount of $355, and the others ranging up to $500. However, it is not demonstrated that the only repairs necessitated to defendant’s residence consisted of termite control and eradication. On the contrary, we think it is conclusively established that the major portion of the repair work necessary consisted of the repair of damage already effected by these pests.
We think plaintiff has established the use of the materials and the employment of labor in connection with his contractual responsibilities. We are not disposed to free, defendant from liablity for payment on the technical defense of plaintiff’s failure to qualify as a pest eradicator and control expert within the meaning of the statutes. The evidence demonstrates beyond question the fact that plaintiff did not undertake the work as a pest control project but rather that he engaged to perform services in the nature of necessary general repairs. We concede the obvious conclusion that defendant was not prepared for the substantial expenditure involved in connection with the repairs, but certainly this failure cannot be attributed to the plaintiff.
We have been favored with elaborate briefs and urgent oral argument by counsel for both p'arties litigant., Unquestionably it appears that defendant did not contemplate the substantial nature and cost of the repairs to be effected, but this, of itself, is not sufficient ground upon which to predicate a judgment in his favor. Contrarily, there, is no showing of any bad faith on the part of plaintiff who performed his work, so far as is disclosed by the record, with diligence and effect, and his right for compensation therefore must be sustained.
The judgment .appealed from is affirmed at appellant’s .cost.